IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

John C. Bishop,                              )
                                             )    Civil Action No. 6:04-23422-RBH-BHH
                        Plaintiff,           )
                                             )    **REPORT OF MAGISTRATE JUDGE**
           vs.                               )
                                             )
Pattick W. Bahr, Revenue Agent              )
#56-88853; Theresa Elan Guida,              )
Group Manager, #57-10333, as                )
individuals; and Internal Revenue           )
Service,                                     )
                                             )
                        Defendants.          )
_____)

        This matter is before the court on the motion of the United States of America

to dismiss this action for lack of personal and subject matter jurisdiction, pursuant to

Federal Rule of Civil Procedure 12(b)(1) and (2), and failure to state a claim upon which

relief can be granted, pursuant to Rule 12(b)(6).

        Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving

*pro se* litigants are referred to a United States Magistrate Judge for consideration.


                              **FACTS PRESENTED**

        The plaintiff failed to file federal income tax returns for the years 1999 through

2003 (Pattrick Bahr decl. ¶ 3). The Revenue Agent responsible for auditing the plaintiff's

income tax liabilities for those years was Pattrick Bahr. According to Bahr, the plaintiff did

not provide him with any of the information he requested. Accordingly, Bahr issued Internal

Revenue Service ("IRS") summonses to the following entities, requiring production of

records pertaining to the plaintiff's liabilities for the tax years 1999 through 2003: Charles Schwab & Co., Inc., Central Carolina Bank & Trust, Oconee Federal Savings & Loan, Regions Bank, Perpetual Bank FSB, Steven M. Yon, American Federal Bank, Van Kampen Trust Company, U.S. Clearing, and Peoples National Bank (Bahr decl. ¶¶3-5, ex. A). According to Bahr, the records sought by the summonses may be relevant to determine the correct tax liabilities of the plaintiff (Bahr aff. ¶ 8). The plaintiff was notified of the summonses by certified mail on December 11, 2004 (Bahr decl. ¶ 6, ex. B).

On December 29, 2004, the plaintiff filed a petition for writ of mandamus and a motion to quash the summonses. On June 9, 2005, the United States moved to dismiss the action for lack of personal jurisdiction and subject matter jurisdiction and failure to state a claim. By order filed June 10, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response to the motion to dismiss on July 15, 2005.

## ANALYSIS

The plaintiff named Pattrick W. Bahr, Theresa Elan Guida, and the IRS as defendants in his petition to quash the summonses listed above. The United States of America has appeared in the case and asks that the court dismiss Bahr, Guida, and the IRS as defendants and that the United States be substituted as the proper defendant. The United States argues that the plaintiff has not alleged any grounds on which personal jurisdiction exists over Bahr, Guida, and the IRS, and further argues that the United States is the only real party in interest. This court agrees. Accordingly, Bahr, Guida, and the IRS should be dismissed as defendants, and the United States should be substituted as the proper defendant.

2

The United States argues that it has not waived sovereign immunity because the plaintiff failed to comply with the jurisdictional requirements of Title 26, United States Code, Section 7609. "It is elementary that '[t]he United States, as a sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Section 7609 provides for a waiver of sovereign immunity for a petition to quash administrative summonses. However, pursuant to Treasury Regulation Section 301.7609-3(b)(1), "[t]he act of filing a petition in district court does not in and of itself institute a proceeding to quash under section 7609(b)(2). Rather, the filing must be coupled with notice as required by section 7609(b)(2)(B)." 26 C.F.R. §7609-3(b)(1). In order to institute a timely petition to quash summons, the taxpayer, not later than the twentieth day following issuance of the summons, must (1) file a petition to quash in the proper district court; (2) notify the IRS by serving a copy of the petition by registered or certified mail to the IRS employee and office designated to receive the copy in the notice of summons; and (3) notify the recordkeeper by registered or certified mail with a copy of the petition. *Id.* §301.7609-3(b)(2).

The United States argues, "In this case, Taxpayer does not allege that he mailed copies of the petition by registered or certified mail to the IRS within twenty days of filing the petition, nor does it appear that he did. In fact, Taxpayer failed to provide the IRS with a copy of the petition by registered or certified mail until April 8, 2005, almost four months after issuance of the summons. (Docket at 12)." The petition to quash was filed on December 29, 2004. In his response to the motion to dismiss, the plaintiff stated that he met the notice requirements by sending notices to the designated IRS agent, Pattrick Bahr, on December 15 and 30, 2004. As an exhibit to his response, the plaintiff included a copy of a letter to Bahr dated December 30, 2004. In that letter, the plaintiff stated that he had filed a petition to quash the summonses. The plaintiff also included as an exhibit to his

3

response a copy of the certified mail receipt showing delivery to Bahr on or about January 3, 2005 (pl. resp. m. to dismiss, ex. 1, 2). The plaintiff does not mention in the December 30th letter or in his response to the motion to dismiss whether a copy of the petition to quash was served on the IRS. *See* 26 U.S.C. 7609(b)(2)(B). "Failure to mail a copy of a motion to quash to the issuing Internal Revenue Service agent deprives the court of jurisdiction as the United States has only waived its sovereign immunity for the 20 day period subsequent to the date of issuing the notice." *Miller v. United States*, No. 1:94CV114, 1994 WL 465816 (N.D. Ind. 1994) (citing *Maikranz v. United States*, 612 F.Supp. 590, 591 (S.D. Ind. 1985)). As noted above, the United States maintains that the plaintiff failed to provide the IRS with a copy of the petition until April 8, 2005, approximately three months after the petition was filed. Based upon the foregoing, it appears to the court that the plaintiff has failed to comply with the requirements of Section 7609, and the court lacks jurisdiction over this matter.

Even if the plaintiff did comply with the requirements of Section 7609 and the court had jurisdiction over the petition to quash, the matter should dismissed for failure to state a claim. Specifically, the summonses are enforceable, and the plaintiff does not assert sufficient grounds for quashing the summonses. A summons is enforceable if it: (1) is issued for a legitimate purpose; (2) seeks material relevant to that purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all applicable administrative requirements required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The burden of satisfying the requirements is "fairly slight" and can be met by "an affidavit of an agent involved in the investigation averring the *Powell* good faith elements." *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987). The United States submitted the declaration of Revenue Agent Bahr who testified that the *Powell* requirements were met (Bahr decl. §§4-11). The plaintiff has presented no evidence to refute the IRS's evidence of compliance with the *Powell* factors.

4

In order to quash a summons, the taxpayer must demonstrate that the summons was issued for an improper purpose, such as to harass the taxpayer, or for "any purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The plaintiff states that the petition to quash is "conditional," and he only requests that the summonses be quashed until the IRS establishes a tax liability and (1) demonstrates that the plaintiff is in fact a taxpayer; (2) establishes that the plaintiff committed a crime; (3) establishes jurisdiction over the plaintiff; (4) describes the section of the Internal Revenue Code that establishes his liability; (5) provides "an IRS code section and implementing regulation authorizing summons enforcement in states of the Union to third parties who are not part of the federal government"; and (6) and provides proof that the defendants have authority to operate outside of the District of Columbia or any territory or possession of the United States (pet. to quash summonses 11-13). This court agrees with the defendants that the arguments are frivolous, and the plaintiff has not asserted sufficient grounds for quashing the summonses.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the United States' motion to dismiss should be granted.

s/Bruce H. Hendricks
United States Magistrate Judge

July 27, 2005

Greenville, South Carolina

5